**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM TONY McCROAN, #121157,**

    **Plaintiff,**

vs.                                    Case No. 4:14cv191-WS/CAS

**JOSEPH A. INFANTINO,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, *see* doc. 5, has now filed an amended complaint, doc. 6, against three Psychologists, his social worker, the treatment team coordinator, the administrator of the Northeast Florida State Hospital, and the Interim Secretary of the Florida Department of Children and Families. Doc. 6 at 1-3.

Plaintiff has provided only conclusory allegations that Defendants have violated his rights. Plaintiff contends that the administrator does not have a court order for his commitment, lacks "adequate documentation for treatment," and permits the treatment team to give Plaintiff treatment without a court order. *Id.* at 4. Plaintiff does not explain how any member of the treatment team is causing him harm, and provides only conclusory

allegations of the denial of his rights. *Id.* at 5. Plaintiff contends he was "committed to Northeast Florida State Hospital on the 22 day of January, 2014, as an insane patient without a court order." *Id.* Plaintiff again alleges that his treatment team requires him to attend "not guilty by reason of insanity classes" and Plaintiff argues that he should be "going to incompetent to proceed classes" instead. *Id.* at 6. Plaintiff claims the treatment team is violating his Sixth Amendment right by hindering Plaintiff for proceeding to public trial. *Id.* at 7.

Judicial notice is taken from another of Plaintiff's cases filed in this Court that an order was entered in state court on November 22, 2010, which found Plaintiff "was incompetent to proceed" but which also adjudicated him not guilty by reason of insanity. *See* case number 4:13cv502, doc. 4 at 4; case number 4:13cv360, doc. 10. On April 4, 2013, the First District Court of Appeal quashed the judgment of not guilty by reason of insanity, but did not invalidate the order to the degree Plaintiff was found incompetent to proceed. McCroan v. State of Florida, 110 So.3d 533 (Fla. 1st DCA 2013) (reversing the denial of the petition for writ of habeas corpus). The state court was without authority to find Plaintiff not guilty by reason of insanity because Plaintiff was considered to be incompetent. *See* Thompson v. Crawford, 479 So.2d 169, 180 (Fla. 3d DCA 1985).

The fact that Plaintiff contends he is participating in an incorrect class does not reveal that Plaintiff is not receiving appropriate and constitutionally sufficient medical care. Plaintiff's amended complaint does not demonstrate that his constitutional rights have

been violated by any Defendant.  Thus, Plaintiff's amended complaint should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**